IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

WENDELL R. AYERS, )
)
    Plaintiff, )
)
) CIV-13-884-HE
v. )
)
OKLAHOMA DEPARTMENT OF )
CORRECTIONS, et al., )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is recommended that Plaintiff's Motion to Dismiss Without Prejudice be granted and the cause of action be dismissed without prejudice.

Plaintiff filed this action on August 19, 2013, alleging that Defendants Oklahoma Department of Corrections ("ODOC"), Oklahoma Governor Fallin, former ODOC Director Jones, Lexington Assessment and Reception Center ("LARC") Warden Farris, and LARC officials Tullis and Brauer (incorrectly identified as "Braurer" in the Complaint) violated his Eighth and Fourteenth Amendment rights. Plaintiff alleged that all Defendants failed to protect Plaintiff from a substantial risk of harm on March 4, 2013, when he was injured while being transported in a van to the Oklahoma University Medical Center for scheduled medical

1

treatment.

Defendants ODOC, Brauer, Farris, Jones, and Tullis were served with process and filed an extensive special report, as directed by the Court, to provide background for Plaintiff's claims. See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). These Defendants also moved for summary judgment on the grounds of Eleventh Amendment immunity, lack of personal participation, failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a), failure to state a claim under § 1983, and qualified immunity.

Plaintiff was directed to respond to the dispositive motion on or before February 3, 2014. However, Plaintiff has not timely responded to the motion. On February 4, 2014, Plaintiff moved for voluntary dismissal of his cause of action. Plaintiff does not assert a basis for his motion. Rule 41(a)(1), Fed.R.Civ.P., provides for the voluntary dismissal of a cause of action by a plaintiff either "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment...." or "by filing a stipulation of dismissal signed by all parties who have appeared in the action." Fed. R. Civ. P. 41(a)(1). Because five Defendants have moved for summary judgment and no stipulation of dismissal has been filed by all of the parties, Rule 41(a)(1) does not provide a basis for Plaintiff's motion to dismiss.

Rule 41(a)(2), Fed.R.Civ.P., provides for a voluntary dismissal of a cause of action at the plaintiff's request but only "upon such terms and conditions as the court deems proper." Plaintiff's motion to dismiss is construed as a motion for voluntary dismissal under Rule 41(a)(2). A dismissal under Rule 41(a)(2) is addressed to the sound discretion of the

court, and in reviewing such a motion the court should consider the purposes of the rule. Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993).

"When considering a motion to dismiss without prejudice, the most important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." Id. (quotation omitted). "It is the prejudice to the opposing party, rather than the convenience of the court, that is to be considered in passing on a motion for dismissal." Id. (quotation omitted). "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). "[R]elevant factors" in determining the issue of legal prejudice "include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." Id.

In consideration of the foregoing factors, the undersigned finds that the cause of action was filed in August 2013, and five Defendants have prepared and submitted an extensive special report and dispositive motion supported by evidentiary materials. There is no indication that Defendants have expended significant time and effort preparing for trial, particularly in light of the Defendants' assertion of a nonexhaustion defense to Plaintiff's claims. Plaintiff has attempted to explain his request for dismissal. Plaintiff asserts that he is not mentally or physically capable of pursuing the action at this time and that he does not believe he has access to adequate resources at his present correctional facility. Based on these factors, it is recommended that Plaintiff's motion for voluntary dismissal under Rule

3

41(a)(2) be granted and that the cause of action be dismissed without prejudice.

RECOMMENDATION

Based on the foregoing, it is recommended that the Plaintiff's "Motion to Dismiss Without Prejudice (Doc. # 38) be GRANTED and that the cause of action be DISMISSED WITHOUT PREJUDICE. In view of this recommendation, the Motion for Summary Judgment and Brief in Support filed by Defendants ODOC, Jones, Brauer, Farris, and Tullis (Doc. #34) should be denied as moot. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by _____ February 25th , 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __5th__ day of __February__, 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE